UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

DONNA SKLUT,

                                 **Plaintiff,**

       -against-

THE CITY OF NEW YORK, POLICE OFFICER
JESSICA RONQUILLO, TAX REG. #937431,
SGT. JOHN ROJECKI, TAX REG. # 933286,
POLICE OFFICER MICHAEL IZZO, SHIELD#7681,
AND OTHER UNKNOWN UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS FROM THE 111TH PCT,
ALL INDIVIDUAL DEFENDANTS BEING SUED BOTH
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,

                                 **Defendants**
---------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ APR 0 4 2011 ★

BROOKLYN OFFICE

Civil Action

COMPLAINT
SUMMONS ISSUED
CV 11 - 1640

COGAN, J.

Plaintiff by her attorney Edward Zaloba, Esq., alleges as follows for their Complaint:

## PRELIMINARY STATEMENT

1. This is a civil action against the City of New York, **POLICE OFFICER JESSICA RONQUILLO, #937431, SGT. HOHN ROJECKI # 933286, MICHAEL IZZO, SHIELD #7681, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS FROM THE 111TH PCT,** to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false imprisonment, abuse of process, malicious prosecution and violations of police and public duties and obligations.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State

of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiff further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3. These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C.§139(b) in that this is the District in which the claim arose.

## PARTIES

5. Plaintiff, **DONNA SKLUT,** is a citizen of the United States and resident of Queens, New York.

6. Defendant City of New York ("City"), at all times mentioned, was and is a municipal corporation organized according to the laws of the State of New York. Defendant New York City owns, operates, manages, directs and controls the New York City Police Department which employs the defendant police officers and detectives herein.

7. Defendants, **POLICE OFFICER MICHAEL IZZO SHIELD# 7681, JESSICA RONQUILLO, #937431 and SGT. JOHN ROJECKI # are and were**, at all times mentioned, Police Officers of the City of New York. They are sued individually and in their official capacity.

8. Upon information and belief, defendant Police Officers, whose identities and number are presently unknown to plaintiff, are and were, at all relevant times, police officers, supervisors, and/or persons employed by the Police Department of the City of New York. These unknown defendant officers will be sued individually and in their official capacity.

9. At all times described herein and at all relevant times, defendants were acting under color of state law and within the scope of their employment and capacity as police officers, agents, servants and employees of the City of New York and under the City of

New York's supervision, direction and control.

10. That the acts of the defendants alleged herein, the constitutional deprivations of the plaintiffs, occurred in the County of Queens, New York, in the State of New York.

## PENDANT STATE CLAIMS

11. That the Notice of Plaintiff's claims, the nature of the claims, and the date of, the time when, the place where and the matter in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on July 8, 2010.

12. The defendant City conducted an examination of plaintiff pursuant to Gen. Mun. §50-H on November 30, 2010.

13. That more than thirty (30) days have elapsed since the Notice of Claims have been served upon the defendant and the said defendants have neglected or refused to make any adjustments or payments thereof.

## STATEMENT OF FACTS COMMON TO PLAINTIFF
## AND ALL CAUSES OF ACTIONS

14. On April 15, 2010, the plaintiff was in her residence, apartment at 42-45 Corporal Kennedy, Bayside, Apartment 1D in Queens County when defendant officers Izzo, and Ronquillo came to her door and made inquiries concerning her dog.

15. The plaintiff is a fifty nine (59) year old woman.

16. The plaintiff has never been either arrested nor convicted of any crimes.

17. That on April 15, 2010, prior to the police arrival, the plaintiff had neither committed an offense, infraction or crime.

18. The plaintiff asked the officers what was wrong. She was told it concerned her dog.

19. When the police asked to enter her apartment she told them that she prefer if they stayed out.

20. Plaintiff kept trying to ascertain what the problem was while speaking with defendant officer Ronquillo.

21. Plaintiff asked one of her neighbors to be present as a witness.

22. Defendant officer Izzo became irritated and rude and asked plaintiff how she

would like to be arrested.

23. Plaintiff asked Defendant Officer Izzo what could she be arrested for? He did not respond.

24. Then Defendant Izzo asked plaintiff how she would like to go to the hospital? Plaintiff asked why and defendant Izzo replied because "you're a nut".

25. Plaintiff turned away and defendant Izzo immediately entered her apartment.

26. While in plaintiff's apartment, defendant Izzo grabbed her arms and cuffed her, knocked her to the floor, and dragged her out of the apartment across the hallway and out of the building.

27. Plaintiff tried to standup before being dragged and was knocked to the floor again by defendant Officer Izzo.

28. Plaintiff was dragged across the hallway to the entrance in front of numerous neighbors.

29. Defendant Officer Ronquillo, refused to intervene on plaintiff's behalf, allowed the unlawful assault and imprisonment to continue.

30. The defendant officers entered the plaintiff's home without either an arrest warrant nor search warrant.

31. The defendant officers did not observe plaintiff to be either a danger to herself or others.

32. Plaintiff was forced into an ambulance while handcuffed and taken to North Shore Long Island Jewish Hospital all against her will.

33. Plaintiff asked on a number of occasions to have the cuffs loosened and each request was denied.

34. There was neither probable cause nor justification for plaintiff's seizure, arrest, detention and imprisonment.

35. The plaintiff had not acted in an irate, aggressive or irrational manner and was not in need of immediate medical attention.

36. The plaintiff's behavior was normal and unexcited prior to her being

assaulted, cuffed and dragged stomach down and forced into an ambulance.

37. At the hospital, defendant Izzo provided false information to medical caregivers concerning plaintiff's prior behavior causing false entries to be made in plaintiff's medical records.

38. Defendant Izzo recklessly and intentionally provided false information to said hospital personnel to cover up his illegal seizure and assault behavior.

39. Defendant Izzo provided the above false information to continue to conspire to cover up his unjustified actions and improper conduct.

40. Defendant Izzo prepared police reports in furtherance of said conspiracy to cover up defendant's unjustified and unlawful conduct.

41. Defendant Izzo stayed with the plaintiff at the hospital and continued to verbally abuse her.

42. Defendant Izzo kept the plaintiff cuffed at the hospital for a period of time.

43. Plaintiff had to request that the defendant Izzo be removed from the room.

44. Plaintiff did not wish to be treated at the hospital but was coerced by the medical personnel in lieu of the false information provided to them by defendant Izzo.

45. Plaintiff against her will did allow her blood sugar to be tested.

46. Plaintiff had her blood tested and was released from the hospital later that evening.

47. Plaintiff had no psychological or psychiatric condition.

48. Plaintiff has never been hospitalized for any psychiatric or psychological conditions and has never received care for same.

49. Plaintiff was not disoriented, irrational or overly excited at any time prior to the defendants' assault upon plaintiff.

50. As a result of the plaintiff forced medical care, plaintiff has received bills for ambulances ($150) and hospital care ($1334.00, $268).

51. Plaintiff had to seek medical care as a result of her assault.

52. As a result of plaintiff's illegal seizure and assault, plaintiff received injuries to both hands and forearms, numbness on her hands, sprained elbows, and plaintiff had suffered

humiliation, embarrassment, emotional distress, and has otherwise been harmed and damaged.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

53. Plaintiff repeats, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

54. The conduct and actions of Defendant **POLICE OFFICER JESSICA RONQUILLO, POLICE OFFICER MICHAEL IZZO, SGT. JOHN ROJECKI,** under color of state law and acting without probable cause, justification, or otherwise privilege, subjected plaintiff to seizure of her person and false arrest against plaintiff's will, and plaintiff was conscious of said confinement and, was done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of her rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

   (a) Plaintiff was deprived of her First Amendment right to speak freely and to petition the government for redress of grievances;

   (b) Plaintiff was deprived of her Fourth Amendment constitutional right to be free from both an unreasonable seizure of her person as well as invasion and entry of her home without a warrant;

   (c) Plaintiff was deprived of her Fourth Amendment right to be free from unreasonable invasion of privacy where plaintiff was forced to undergo unwarranted medical care and defendants' made false entries therein;

   (d) Plaintiff was deprived of her Fourteenth Amendment right to liberty, without due process of law;

   (e) Plaintiff was deprived of her Fourteenth Amendment right to equal protection of law;

55. As a result of the defendants' conduct, plaintiff was deprived of liberty, sustained emotional injury including mental suffering, humiliation, embarrassment, damage to reputation due to false medical entries being made, physical injury and was

otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE USE OF EXCESSIVE AND UNREASONABLE FORCE

56. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

57. That the plaintiff's rights have been violated under the Fourth and Eighth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants Officers, and other unknown defendant officers who either intentionally, recklessly or negligently assaulted and battered plaintiff.

58. That the said assault and battery of the plaintiff was effected by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

59. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's rights to be free from the use of excessive and unreasonable force.

60. That all the defendants who witnessed the use of excessive force against the plaintiff and who had a reasonable opportunity to intervene and prevent her being injured and who failed to do so are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

61. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring her to received medical attention and she was subjected to physical pain, humiliation, embarrassment, anxiety, closed confinement, and that she was subjected to various ongoing physical and emotional harm, she incurred expenses for medical care that plaintiff was otherwise harmed.

62. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### LIABILITY OF DEFENDANT CITY
### FOR CONSTITUTIONAL VIOLATIONS (STATE AND FEDERAL)
### i.e.. MONELL CLAIM

63. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

64. At all times materials to this complaint, the defendant **CITY OF NEW YORK**, acting through its police department, the **NEW YORK CITY POLICE DEPARTMENT**, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

65. The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, using excessive and unreasonable force, and falsifying police reports.

66. The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly

and for their ability to determine probable cause.

67. The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

68. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

69. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person, falsifying official records etc, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

70. That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

71. That the defendant municipality, NYC, has also been alerted to the use of forced medical care and hospitalization by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that the culture of bringing such false charges and the warranted medical care of victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

72. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. Where officer will respond to non violent situation an refuse to respond to appropriate questions and act in a professional manner and cause medical records to have false entries and unwarranted medical treatment– all without probable cause thereto. This conduct is open and notorious and frequently implement in situation to cover up inappropriate acts of violence by officers. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

73. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

74. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. All of the following matters contained allegations of false arrest and unlawful imprisonment by the defendant New York City police officers:   **Corey Avent 04 CV 2451, Michel Smith 04 CV 1045, Reginald McMillian 04 CV 3990, Jimmy Stetnnopoulos 01 CV 0771, Ally, Inshan, Tiwari, Ramdass 04 CV 5643, Loxie Shaw 01 CV 4260, Darius Peterson 08 CV 4397, Christian Moran 05 CV 5281, Andre Bryan 07 CV 4939, John Gucu Roberts 06 CV 2687, and Ramos , Escobar 08 CV 1456, Cabral Duarte06 CV 5523, Theodore Richardson 07CV 3651.** These matters were settled by the Defendant NYC. A multitude of similar matters could be cited if necessary. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled.

Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

75. The defendant City has rather than correct and rectify these unconstitutional abuses by its police force it would rather permit said abuses to continue as a "cost of doing business". Defendant City has made a conscious – ill advised decision to allow the status quo to continue and allow the police to police themselves, thereby resulting in multitudes of civil rights violations and abuses.

76. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b) Has failed to properly train, instruct, and discipline police officers with regard to falsifying police records;

(c) Has failed to properly train, instruct, and discipline police officers with regard to providing truthful information to medical caregivers where persons are physically forced to medical facilities;

(d) Has failed to properly train, and discipline officers who have a propensity for use of improper and excessive force;

(e) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(f) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(g) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(h) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

77. Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

78. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

79. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of her rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

80. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

81. As a result of the foregoing conscious policies, practices, customs and./or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiffs herein.

82. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, NYS CONSTITUTIONAL VIOLATIONS

83. Plaintiff repeats, reiterates and incorporates by reference each and every allegation

contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

84. Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiffs of their rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of their rights, privileges and immunities:

 (a) Plaintiff was deprived of her rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

 (b) Plaintiff was deprived of her rights to be free unreasonable seizures of her person; in violation of § 12 of the Constitution of the State of New York;

 (c) Plaintiff was deprived of her rights to be free from the use of excessive or unreasonable force in the course of an unlawful seizure, in violation of § 12 of the Constitution of the State of New York;

 (d) Plaintiff was deprived of her rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

85. As a result of the defendants' conduct, Plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, physical assault, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FALSE ARREST

86. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

87. By the actions described above, the defendants **POLICE OFFICER MICHAEL IZZO, POLICE OFFICER JESSICA RONQUILLO, and SGT. JOHN ROJECKI,** falsely seized and arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The defendants intended to confine plaintiff, plaintiff was aware of her confinement and did not consent to said confinement. The acts and conduct of the defendants were the

direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

88. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### ASSAULT AND BATTERY

89. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

90. By the actions described above, the defendants **POLICE OFFICER MICHAEL IZZO and POLICE OFFICER JESSICA RONQUILLO,** each acting individually and in concert with each other, committed assault and battery upon the plaintiff, and subjected her to embarrassment and humiliation. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

91. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, physically harmed, and was otherwise harmed, damaged and injured; therefore, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### FALSE IMPRISONMENT

81. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

92. By the actions described above, the defendants **Police Officer Michael Izzo,**

**Police Officer Jessica Ronquillo and Sgt. John Rojecki** and other unidentified defendant officers, each acting individually and in concert with each other, falsely imprisoned plaintiff, without reasonable or probable cause, illegally and without a warrant and without any right or authority to do so. The acts and conduct of the defendants was the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

93. Plaintiff was conscious of and did not consent to her confinement.

94. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

96. By the actions described above, the defendants **Police Officer Michael Izzo, Police Officer Jessica Ronquillo and Sgt. John Rojecki** and other unidentified defendant officers, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotion distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

97. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, NEGLIGENCE

98. Plaintiffs repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

99. Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a) failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure and arrest where the officers had neither observed a crime committed nor any suspicious irrational or dangerous behavior on behalf of the plaintiff; and other acts which a police officer of ordinary prudence would not have done;

(b) failed to perform their duties as reasonable and prudent officers where although plaintiff was seized without either probable cause or legal justification, the defendant officers still falsely imprisoned the plaintiff and;

(c) failed to perform their duties as reasonable and prudent officers where given the facts herein no officer intervened to stop either the initial unlawful seizure and assault or subsequent unlawful seizure, arrest, imprisonment and forced medical attention.

(d) hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as a propensity to conspire against innocent persons where said officers would conspire and falsely seized and improper arrest persons when the arrests and seizure of plaintiff in her home was unreasonable and without probable cause under the facts and circumstances existing;

(e) failed to exercise care in instructing police officers, not to seize person(s), the plaintiff herein, and force unwarranted medical care upon said individual in order to cover up police misconduct

(f) failed to instruct, discipline and prevent police officers from providing medical care givers with false information as occurred with

      plaintiff herein, concerning the person they have unlawfully seized.

  (g)  failed to establish meaningful procedures for disciplining officers a and other personnel who have engaged in such acts of misconduct.

100. Defendant officers acting jointly and severally, negligently caused extreme emotional distress to plaintiff. The acts and conduct of the defendants were reasonably foreseeable, and were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

101. All of these acts were performed without any negligence on the part of the plaintiff and was the proximate cause of injuries to her.

102. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury and sustained great emotional injuries.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FAILURE TO INTERVENE

103. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

104. Each and every individual defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of her constitutional rights.

105. The individual defendant officer failed to intervene on plaintiff's behalf to prevent the violation of her constitutional rights despite having a realistic opportunity to do so.

106. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and she was subjected to assault, false arrest and unlawful imprisonment.

### AS AND FOR AN ELEVNTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CLAIM FOR RELIEF UNDER NY STATE LAW NEGLIGENT HIRING AND RETENTION,

107. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set

forth herein.

108. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the seizure, assault, arrest and imprisonment of Plaintiff.

109. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants, **Police Officer Michael Izzo, Police Officer Jessica Ronquillo and Sgt. John Rojecki and other unidentified officers** to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A TWELFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CLAIM FOR RELIEF UNDER NY STATE LAW NEGLIGENT TRAINING AND SUPERVISION,

110. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

111. Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the assault, seizure, arrest and imprisonment of the **plaintiff.**

## AS AND FOR A THIRTEETH CAUSE OF ACTION RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

112. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

113. The conduct of defendants **Police Officer Michael Izzo, Police Officer Jessica Ronquillo and Sgt. John Rojecki** and other unidentified defendant police officers alleged herein, occurred while they were on duty in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant **CITY OF NEW YORK.** The acts and conduct of the defendants were the

direct and proximate cause of injury and damage to the plaintiff, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

114. As a result of the foregoing, plaintiff was deprived of her constitutional rights, unlawfully arrested and imprisoned and sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR PLAINTIFF CLAIM FOR PUNITIVE DAMAGES

115. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

116. The aforesaid acts of the defendant officers in violation of plaintiff's First, Fourth and Fourteenth Amendment Rights under the United States Constitution (42 U.S. C. Section 1983) and pendent laws and statues of the State of New York, showed a willful and wanton disregard to the reputation and well being of the plaintiff for which she also seeks punitive damages. The acts, conduct and behavior of the defendant officers were performed knowingly, intentionally and maliciously by reason of which the plaintiff is entitled to an award of punitive damages where applicable.

## VICARIOUS LIABILITY

117. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph of this complaint as if fully set forth herein.

118. The defendants' employed by NYC Police Department an agency of the Defendant City of New York unlawfully seized arrested and imprisoned, plaintiff therefore under doctrine of vicarious liability, the defendant City of New York is libel for all acts occurring after and during the illegal and unlawful arrest and imprisonment.

119. As a result of the foregoing, plaintiff was assaulted, falsely arrested and unlawfully imprisoned and plaintiff sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

**WHEREFORE**, in consideration of each and every claim the plaintiff demands judgment :

A. Compensatory damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

B. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
March 21, 2011

Yours, etc.,

*Edward Zaloba*
EDWARD ZALOBA, Esq.
Attorneys for Plaintiff
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000